**88–1265.** State v. Wiles. *Portage County,* No. 1675. This court received notification from the Supreme Court of the United States that said court on October 5, 1992, entered an order in No. 91–6263, *Mark Wiles v. Ohio,* which stated:

"ON CONSIDERATION of the petition for a writ of certiorari herein to the Supreme Court of Ohio, IT IS ORDERED by this Court that the said petition be, and the same is hereby, denied."

Upon consideration that the stay of execution of sentence granted by this court on July 9, 1991, was conditioned upon final disposition of appellant's petition to the Supreme Court of the United States, and it appearing to this court that the Supreme Court of the United States has rendered a final disposition of the petition,

IT IS ORDERED that the stay of execution is hereby terminated as of the date of this entry.

IT IS HEREBY ORDERED by this court that the sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Thursday, the 11th day of July, 1996, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that the Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Portage County.

IT IS FURTHER ORDERED by the court that, upon written application of appellant, and pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, this court will grant one additional stay for a period ending six months from the date of this entry to allow appellant an opportunity to file a petition for post-conviction relief.

**94–1871.** State v. Brooks. *Summit County,* No. 16192. This cause is pending before the court as an appeal from the Court of Appeals for Summit County. On March 21, 1996, appellant timely filed a consolidated memorandum in opposition to appellee's motion for reconsideration and motion to supplement the record. On March 29, 1996, appellant filed a document titled "Motion to Strike." It appears to the court that appellant's motion is, in substance, a response to appellee's motion to supplement the record and, as such, is untimely. Whereas, S.Ct.Prac.R. XIV(1)(C) prohibits untimely filings,

IT IS ORDERED by the court, *sua sponte,* that appellant's motion to strike be, and hereby is, stricken.